(March 4, 1911.)

## PORTNEUF-MARSH VALLEY IRRIGATION CO., LTD., Appellant, v. PORTNEUF IRRIGATING CO., LTD., et al., Respondents.

[114 Pac. 19.]

CONDEMNATION—ASSESSMENT OF DAMAGES—INSTRUCTION.

(Syllabus by the court.)

1. In a condemnation suit an instruction "that the measure of damages of defendant, the Portneuf Irrigating Co., would be the amount in dollars and cents, if any, saved to the plaintiff corporation in the construction or enlargement of the proposed canal by reason of the existence of the ditch of defendant, the Portneuf Ir-

rigating Co., Ltd., as constructed at the time of the issuance of summons, bearing in mind said defendant's continued future use of the proposed enlarged canal in common with that of the plaintiff corporation," does not correctly state the rule for estimating and fixing damages, and is in direct conflict with the further instruction that, "The jury are instructed that they are not to measure the value of the right sought to be condemned from the defendant, the Portneuf Irrigating Co., Ltd., by the necessity the plaintiff is under of obtaining that right, or the value it may have to the plaintiff alone, under the peculiar circumstances of this particular case. The reasonable market value of the property sought to be taken is the true measure of damages for the amount so taken." The latter instruction correctly states the law, and was a proper instruction for the jury.

2. In a condemnation suit the plaintiff necessarily admits that the taking of the property would be a damage to defendant in some amount, and with regard to a question based upon the theory entertained by the plaintiff as to the measure of damages, where the court sustains an objection to the question, it is not necessary that the plaintiff should state the evidence he expects to produce in answer to such questions, for the reason that it is apparent to anyone that there would be some evidence as to damages and that the plaintiff could have produced evidence fixing the damages in some amount.

3. Where instructions, when all read together, may be harmonized and reconciled, the court will not reverse a judgment because some particular isolated instruction, when read alone, might be misleading or give the jury an improper understanding as to the law of the case; but where the instructions are in irreconcilable conflict on a decisive or controlling question to be determined by the jury, they cannot be construed together, and where no one can tell which instruction the jury followed, a reversal of the judgment must necessarily follow.

APPEAL from the District Court of the Fifth Judicial District, in and for the County of Bannock. Hon. Alfred Budge, Judge.

Suit in condemnation. Judgment for the defendant establishing its damages, from which plaintiff appealed. *Reserved.*

Edwin Snow and Standrod & Terrell, for Appellant.

The real damages are what the party is damaged. In property like this, it is measured by the difference between the value of his property before and after the taking.

"Compensation must be reckoned from the standpoint of what the land owner loses by having his property taken, not by the benefit which the property may be to the other party to the proceedings." (15 Cyc. 757; 2 Lewis, Eminent Domain, 3d ed., p. 1231; *Black River etc. R. v. Barnard,* 9 Hun (N. Y.), 104; *In re Boston Hoosac Tunnel etc. Ry. Co.,* 22 Hun, 176; *In re N. Y. L. & W. R. Co.,* 27 Hun, 118; *Sullivan v. Lafayette County,* 61 Miss. 271; *Five Tracts of Land v. United States,* 101 Fed. 661, 41 C. C. A. 580; *San Antonio & A. P. Ry. Co. v. Telegraph Co.* (Tex. Civ.), 56 S. W. 201; *S. W. Tel. Co. v. Gulf etc. Ry. Co.* (Tex. Civ.), 52 S. W. 106; *Mobile & Ohio R. Co. v. Postal etc. Co.,* 76 Miss. 731, 26 So. 370, 45 L. R. A. 223.)

The federal courts have construed the Idaho statutes with reference to this matter. The doctrine heretofore advanced has been fully and expressly sustained with reference to our particular statute. (*Postal Tel. Co. v. Oregon S. L. Ry. Co.,* 104 Fed. 623, affirmed by circuit court of appeals, 111 Fed. 842, 49 C. C. A. 663. See, also, *Virginia & Truckee R. Co. v. Elliott,* 5 Nev. 358; *Sargent v. Merrimac,* 196 Mass. 171, 124 Am. St. 528, 81 N. E. 970, 11 L. R. A., N. S., 996; *Union Depot v. Knapp, Stout & Co.,* 160 Mo. 396, 61 S. W. 300; *Union Depot etc. Co. v. Brunswick,* 31 Minn. 297, 47 Am. Rep. 789, 17 N. W. 626; *Ligare v. Chicago etc. Ry. Co.,* 166 Ill. 249, 46 N. E. 803; *West Virginia etc. Ry. Co. v. Gibson,* 94 Ky. 234, 21 S. W. 1055; *Chicago, B. & Q. Ry. Co. v. Chicago,* 166 U. S. 248, 17 Sup. Ct. 581, 41 L. ed. 979; *San Pedro Ry. Co. v. Board* (Utah), 99 Pac. 263; 7 Dec. Dig. 2266, 2267; *Selma, Rome & Dalton R. Co. v. Keith,* 53 Ga. 178.)

Clark & Budge, for Respondents.

"Damages for property taken under eminent domain must be awarded on basis of the value of the property for its present use, or for purposes to which it could be most advantageously applied under existing conditions." (*Ranck v. City of Cedar Rapids,* 134 Iowa, 563, 111 N. W. 1027; *New York etc. R. v. City of New Haven,* 81 Conn. 581, 71 Atl. 780; *Chicago*

*etc. R. Co. v. Mason,* 23 S. D. 564, 122 N. W. 601; *Railroad Co. v. Weideman,* 77 Kan. 300, 94 Pac. 146.)

"If land sought to be taken is specially valuable to the condemnor for certain purposes, defendant should be allowed to show such value." (*Spring Valley Water Works v. Drinkhouse,* 92 Cal. 528, 28 Pac. 681; *San Diego L. & T. Co. v. Neale,* 78 Cal. 63, 20 Pac. 372, 3 L. R. A. 83, 88 Cal. 50, 25 Pac. 977, 11 L. R. A. 604; *Boom Co. v. Patterson,* 98 U. S. 403, 25 L. ed. 206; 2 Lewis, Em. Dom., 2d ed., sec. 479.)

"All instructions given in a case should be read and considered together and as a whole; and if when so considered they fairly present to the jury the law of the case, the judgment will not be reversed on account of some specific portion of the instructions, when taken alone, being incomplete or obscure." (*State v. Neil,* 13 Ida. 539, 90 Pac. 860, 91 Pac. 318; *People v. Bernard,* 2 Ida. 193 (178), 10 Pac. 30; *Houser v. Austin,* 2 Ida. 204 (188), 10 Pac. 37, 41; *Hayden v. Con. Mining Co.,* 3 Cal. App. 136, 84 Pac. 422; *People v. Kennedy,* 55 Cal. 202; *Lawrence v. Hagerman,* 56 Ill. 68, 8 Am. Rep. 674; *Lourance v. Goodwin,* 170 Ill. 390, 48 N. E. 903; *Stephenson v. So. Pac. Co.,* 102 Cal. 143, 34 Pac. 618, 36 Pac. 407.)

It is to be inferred that the jury considered all the other instructions with the particular clause of instruction 7 emphasized by appellant (*State v. Neil, supra*), and it will not be presumed that the jury disregarded one part of an instruction more than another. (*Feliz v. Feliz,* 105 Cal. 1, 38 Pac. 521.)

The rule is that if a party during the trial thinks that the instructions might mislead the jury, he should ask to have them made more specific. (*Dahlen v. Ins. Co.,* 109 Minn. 337, 123 N. W. 926; *Cafre v. Lockwood,* 47 N. Y. Supp. 916, 22 App. Div. 11.)

And if he fails to offer an instruction to correct one which he deems to be erroneous, he cannot predicate error upon such erroneous charge. (*Memphis St. Ry. Co. v. Shaw,* 110 Tenn. 467, 75 S. W. 713; *Dyer v. McWhirter* (Tex.), 111 S. W. 1053; *Board of Councilmen v. Howard* (Ky.), 74 S. W. 703; *Perkins v. Marrs,* 15 Colo. 262, 25 Pac. 168.)

AILSHIE, J.—This is an action for condemnation. The plaintiff sought by its action to condemn a right to enlarge the defendant's (the Portneuf Irrigating Co., Ltd.) canal to such capacity that it will carry the volume of water the Portneuf Irrigating Co. desires to carry through the canal, and also the plaintiff's appropriation. The case was tried before the court and a jury, and judgment was entered allowing the defendant's damages at $4,500. The plaintiff has appealed from the judgment awarding damages.

The only question presented on this appeal is the correctness of an instruction given by the court to the jury. The last sentence of the following instruction given by the court is the part to which appellant took exception, and now urges as ground for a reversal of the judgment:

"The court instructs you, gentlemen of the jury, that the rule of damages in condemnation proceedings is, that all damages, present and prospective, that are the natural or reasonable incident of the improvement made or the work to be constructed, should be ascertained; and you are instructed in the present case, so far as the ditch and right of way of the defendant, the Portneuf Irrigating Company, is concerned, you may in arriving at the damage, if any, to which said company is entitled, consider the value of that portion of said defendant's ditch sought to be condemned, if any; subject to the right that the Portneuf Irrigating Company has to run its water, jointly with the plaintiff company, through said proposed canal.

"In other words, the court instructs you, gentlemen of the jury, that the measure of damages of the defendant, the Portneuf Irrigating Co., would be the amount in dollars and cents, if any, saved to the plaintiff corporation in the construction or enlargement of the proposed canal, by reason of the existence of the ditch of the defendant, the Portneuf Irrigating Co., Ltd., as constructed at the time of the issuance of summons of this action, bearing in mind said defendant's continued future use of the proposed enlarged canal, in common with that of the plaintiff corporation."

The bill of exceptions shows that upon the trial counsel for the plaintiff propounded the following question to a witness: "Supposing that this improvement were constructed in the manner testified to by you that it will be, what would be the difference in value of defendant's ditch and right of way before and after that improvement were constructed, assuming the values as of the date of January 29, 1909?" (The latter date being the date on which the summons was issued.) To this question counsel for the defendants objected. After the matter was argued, the court announced its ruling as follows: "I think I shall require the plaintiff company to pay for the benefit, if there is any benefit to them, by reason of the ditch being there or by reason of their taking and using it as it is now constructed. I think I will take that view of it. In other words, I think we will inquire into and learn what, if any, value the present ditch is to the company as it is now constructed. The objection may be sustained." To this counsel for the plaintiff took exception. The evidence was thereafter introduced under the view of the law announced by the court in his ruling.

The provisions of the statute (sec. 5220, Rev. Codes) contemplate assessment of damages upon the basis of the market value of the property sought to be condemned, and as of the date of the issuance of the summons. (Sec. 5221.) That is apparently the general rule with reference to compensation. The rule is thus announced by the author of the text in Cyc. at page 757, vol. 15:

"Compensation must be reckoned from the standpoint of what the land owner loses by having his property taken, not by the benefit which the property may be to the other party to the proceedings; therefore the value of a particular piece of land to a person or corporation exercising the right of eminent domain, or the necessities of that particular person or corporation to acquire that piece of property for the particular purpose, cannot be considered as an element of damage to the land owner. Neither can an amount that has at some time been expended upon the property in question, which has ren-

dered it specially suitable for the use for which it is being condemned, be claimed by the land owner.''

The rule for assessment of damages is stated by Lewis on Eminent Domain, vol. 2, 3d ed., sec. 706, as follows: ''In estimating the value of property taken for public use, it is the market value of the property which is to be considered. The market value of property is the price which it will bring when it is offered for sale by one who desires but is not obliged to sell it, and is bought by one who is under no necessity of having it. In estimating its value all the capabilities of the property and all the uses to which it may be applied or for which it is adapted, are to be considered, and not merely the condition it is in at the time and the use to which it is then applied by the owner. It is not a question of the value of the property to the owner. Nor can the damages be enhanced by his unwillingness to sell or because of any sentiment which he has for the property. On the other hand, the damages cannot be measured by the value of the property to the party condemning it, nor by its need of the particular property.'' It is often difficult to determine the market value of property, for the reason that there may be no general demand for the same, or it may be that the property is only valuable for a specified purpose as was the case here, and a value can only be estimated upon the basis of the fitness of the property for the specific use on account of its formation, its location, or other specific, natural or artificial adaptability to the use for which it is sought. In a case, therefore, where no general market value can be ascertained, these latter elements must be taken into consideration and are proper subjects of inquiry in arriving at the value of the property.

''Generally speaking,'' said the supreme court of Iowa in *Ranck v. Cedar Rapids*, 134 Iowa, 563, 111 N. W. 1027, ''the true rule seems to be to permit the proof of all the varied elements of value; that is, all the facts which the owner would properly and naturally press upon the attention of a buyer to whom he is negotiating a sale and all other facts which would naturally influence a person of ordinary prudence desiring to purchase. In this estimation, the owner is entitled to have

the jury informed of all the capabilities of the property, as to the business or use, if any, to which it has been devoted, and of any and every use to which it may reasonably be adapted or applied. And this rule includes the adaptation and value of the property for any legitimate purpose or business, even though it has never been so used, and the owner has no present intention to devote it to such use.''

The trial court in this case appreciated the true rule for estimating damages, and so announced to the jury by instruction No. 12. That instruction is as follows:

''The jury are instructed that they are not to measure the value of the right sought to be condemned from the defendant, the Portneuf Irrigating Co., Ltd., by the necessity the plaintiff is under of obtaining that right, or the value it may have to the plaintiff alone, under the peculiar circumstances of this particular case. The reasonable market value of the property sought to be taken is the true measure of damages for the amount so taken.''

The court correctly advised the jury as to the rule they should follow in estimating the damages that defendant would sustain. This, however, is in direct conflict with that portion of instruction No. 7, heretofore set out, to which appellant objects. There the court told the jury, ''That the measure of damages of the defendant, the Portneuf Irrigating Co., would be the amount in dollars and cents, if any, saved to the plaintiff corporation in the construction or enlargement of the proposed canal by reason of the existence of the ditch of defendant.'' This was in conflict with the true and correct rule as announced by the court in the twelfth instruction, and would, of course, tend to confuse and mislead the jury, and it is therefore impossible to tell whether they followed the correct instruction or the incorrect instruction, as both instructions came from the court, and were of equal authenticity and presumably carried equal weight to the jury. For this reason, it will be necessary to direct a new trial in order that the objectionable instruction may be eliminated from the instructions to the jury. This erroneous instruc-

tion has most likely found its way into the instructions in this case through inadvertence or oversight, but, however that may be, if the verdict and judgment founded on it were allowed to stand, it would establish a precedent that would mislead trial courts in other cases.

It has been urged that under the rule announced by this court in *State v. Neil,* 13 Ida. 539, 90 Pac. 860, 91 Pac. 318, *People v. Bernard,* 2 Ida. 193 (178), 10 Pac. 30, and *Houser v. Austin,* 2 Ida. 204 (188), 10 Pac. 37, "All instructions given in a case should be read and considered together and as a whole, and if when so considered they fairly present to the jury the law of the case, the judgment will not be reversed on account of some specific portion of the instructions, and, when taken alone, being incomplete and obscure." That position is entirely correct, but it will be observed that it applies only to instructions that can be reconciled one with the other when all are taken together. It is obvious, however, that such a rule cannot apply to two separate instructions on the same subject, where they are directly opposed to each other in announcing the rule of law applicable to the specific matter under consideration. In other words, where the instructions are in irreconcilable conflict, they cannot be construed together.

It has been argued by counsel for respondent with great earnestness that the appellant having failed to make an offer of its evidence as to the value of the property upon its theory of the law as to the rule for estimating damages, it cannot now predicate error upon the instruction given by the court in enunciating a contrary rule. The contention made by appellant is correct upon theory, but is not applicable to the facts of the case under consideration. In a case where the court cannot tell whether the party asking the question has any evidence whatever to support the contention until he makes an offer and tender to the court of that evidence, it is proper to require the tender to be made so that the trial court, and the appellate court in case of appeal, may know the class and kind of evidence that the party expected to elicit by the

question and to rely on for a judgment. That is not the case here. It is apparent at once that the respondent had evidence, and could produce evidence, that it would sustain damages on account of the taking of its property. The appellant admitted that fact, but was endeavoring apparently to limit the damages by proving the value of the property at a specified time. It is not a question here as to whether there was any evidence that the respondent would be damaged, but the question is as to the method of ascertaining that damage and the character of evidence by which the damage should be measured,—the appellant taking the position that the value of the property taken, to the extent of the property taken, at the time of the taking was the measure of the damage to be paid, while the respondent contended that the damage to be paid should be measured by the "amount in dollars and cents, if any, saved to the plaintiff corporation in the construction or enlargement of the proposed canal by reason of the existence of the ditch of the defendant."

For the reasons hereinbefore stated, we deem it necessary to reverse the judgment, and remand the cause for a new trial. Judgment is *reversed,* and the cause is remanded for a new trial. Costs awarded in favor of appellant.

Stewart, C. J., concurs.

### ON PETITION FOR REHEARING.

#### (March 17, 1911.)

SULLIVAN, J.—A petition for a rehearing has been filed in this case.

It is contended that the court ought not to have awarded costs of the appeal to appellant. Upon a re-examination of the matter, we are satisfied that the opinion should be modified in that respect. We think under our eminent domain statutes the owner should receive his just compensation for the land taken, clear of any expense of the proceedings. (See Lewis on Eminent Domain, 2d ed., sec. 562; *Petersburg v.*

Points Decided.

*Peterson*, 14 N. D. 344, 103 N. W. 758; *In the Matter of N. Y. etc. R. R. Co.*, 94 N. Y. 287.)

The original opinion will be modified to the extent of awarding all costs of appeal to the respondent.

Ailshie, Presiding J., concurs.