THE DETROIT FIRE AND MARINE INSURANCE COMPANY, a Corporation, Appellant, v. C. H. SARGENT, Respondent.

[246 Pac. 311.]

FRAUD — REPRESENTATIONS OF INSURED — DUTY OF INSURER TO ASCERTAIN FACTS—INSTRUCTIONS—APPEAL AND ERROR—CONFLICTING INSTRUCTIONS.

1. Ordinary prudence and diligence do not require person to test truth of representations made to him by another as of his own knowledge and with intention that they shall be acted on, if facts

are peculiarly within other party's knowledge, though not exclusively so, and though party to whom representations are made may have opportunity of ascertaining truth.

2.  Where number and grade of apples destroyed by fire was peculiarly within knowledge of insured, and loss was adjusted and paid in reliance on his representations, it was not necessary that diligent inquiry be made, as insurer could rely on such representations and was not bound to make independent investigation.

3.  In action to recover money paid in settlement of loss under fire insurance policy, instruction that lack of knowledge by insurer of facts which if known might have defeated claim was of no avail if such facts might have been learned on diligent inquiry, *held* in conflict with subsequent instruction that insurer had right to rely on statements of insured.

4.  Where instructions are in irreconcilable conflict on a decisive or controlling question to be determined by jury, and where no one can tell which instruction jury followed, reversal of judgment must necessarily follow.

APPEAL from the District Court of the Seventh Judicial District, for Payette County.  Hon. B. S. Varian, Judge.

Action founded upon fraudulent representations for money paid on fire insurance policies pursuant to adjustment of a loss by fire.  Judgment for defendant.  *Reversed and remanded.*

George Donart, for Appellant.

Where an insurer under the terms of a standard fire insurance policy is induced to pay a loss by reason of false and fraudulent statements contained in the sworn proofs of loss the insurer is entitled in an action for fraud and deceit to recover the money so paid without showing that it made diligent inquiry to ascertain the truth or falsity of

Publisher's Note.

1.  See 12 R. C. L. 372.

2.  See 14 R. C. L. 1400.

4.  See 14 R. C. L. 777.

See Appeal and Error, 4 C. J., sec. 3013, p. 1031, n. 33.
Fraud, 26 C. J., sec. 68, p. 1152, n. 92.
Trial, 38 Cyc., p. 1604, n. 65.

the fraudulent statements or without showing that it was fraudulently prevented from learning the facts by the insured. (May on Insurance, par. 445; *German Fire Ins. Co. v. Gibbs, Wilson & Co.,* 42 Tex. Civ. App. 407, 92 S. W. 1068, 96 S. W. 760; Ostrander on Insurance, par. 213.)

A defrauded party has a right to rely upon the truthfulness of the statements inducing him to pursue a course of action and does not have to show that he used diligence to prevent being defrauded. (*Watson v. Molden,* 10 Ida. 570, 79 Pac. 503.)

Where instructions given by the court to the jury are inconsistent and contradictory the judgment will be reversed. (*Holt v. Spokane & Palouse Ry. Co.,* 3 Ida. 703, 35 Pac. 39; *Portneuf-Marsh, etc., v. Portneuf Irr Co.,* 19 Ida. 483, 114 Pac. 19; *Haight v. Vallet,* 89 Cal. 245, 23 Am. St. 465, 26 Pac. 897.)

Norris & Sutton and Wood & Driscoll, for Respondent.

The eighth instruction given by the court correctly stated the law in its application to defenses placed in issue by defendant, and not questioned by plaintiff either as to the pleadings or upon the trial, both in its application to the facts in the case and as an abstract proposition of law. (26 C. J., sec. 532; *German Fire Ins. Co. v. Gibbs, Wilson & Co.,* 42 Tex. Civ. App. 407, 92 S. W. 1068, 96 S. W. 760.)

"Where the allegations of the complaint are supported by the proofs and the verdict and judgment are in accordance with both, it cannot be the duty of this court to grant a new trial because an instruction was given which, although correct as an abstract principle of law, was not applicable to the case, and when it is apparent that the jury paid no attention to the instruction and where if they had, it could have made no difference in the result." (*Stinson v. Rourke,* 4 Ida. 765, 46 Pac. 445.)

Erroneous instructions are not ground for new trial, if it is manifest that the movant was in no way prejudiced thereby or if the court can see from the whole record that even under correct instructions a different verdict could

not have been rightfully rendered. (20 R. C. L., p. 269; *Caravelis v. Cacavas,* 38 Ida. 123, 220 Pac. 110.)

Where inconsistent instructions are given "it is to be presumed that those used last were used by the jury as controlling." (*State v. Yance,* 74 Conn. 177, 92 Am. St. 205, 50 Atl. 37, 54 L. R. A. 782.)

Admitting error in giving instruction No. 8, *State v. Bond,* 12 Ida. 424, 86 Pac. 43, is directly in point to the effect that it was not prejudicial error. To the same effect, *Tarr v. Oregon Short Line R. R. Co.,* 14 Ida. 192, 93 Pac. 957.

GIVENS, J.—Respondent, Sargent, held two separate insurance policies for $10,000 and $30,000, respectively, covering fruit, packing-house supplies and packing-house equipment contained in his packing-house and warehouse. The warehouse burned and the equipment, buildings and apples stored therein were damaged and thereafter the insurance adjuster fixed the amount of the loss on the representation of respondent that at the time of the fire there were 19,010 boxes of first grade apples in the warehouse. An adjustment of the amount of the loss was made and subsequently paid by appellant, Detroit Fire and Marine Insurance Co. This action was instituted by appellant which alleged that the representations made by respondent as to the quantity and quality of the apples contained in the warehouse at the time of the fire were false, for the reason that at the time of the fire there were not more than 3,600 boxes of apples in the warehouse and they were not first grade apples.

At the close of the case appellant was required by the court to elect whether it would stand upon the cause of action founded upon the covenants of the policies and as to any implied contract for recovery, or as to a cause of action founded upon fraudulent misrepresentations, and appellant then elected to proceed upon the theory that it was seeking to recover damages sustained by reason of the false representations of the respondent and the case went to the jury upon this theory. The jury returned a verdict in favor of respondent, motion for new trial was denied, whereupon this appeal was taken.

Appellant urges as error the giving of instruction No. 8, which was as follows:

"And you are further instructed that after such adjustment and payment, the fact that the plaintiff had no knowledge of facts which, if known, might have been effectual to defeat the claim of the defendant under the policies of insurance, is of no avail, if the plaintiff might have known such facts upon diligent inquiry and it was not fraudulently prevented from learning such facts by the defendant, if there were any such facts."

[1] This court has held that ordinary prudence and diligence do not require a person to test the truth of representations made to him by another as of his own knowledge, and with the intention that they shall be acted upon, if the facts are peculiarly within the other party's knowledge or means of knowledge, though they are not exclusively so, and though the party to whom the representations are made may have an opportunity of ascertaining the truth for himself. (*Burger v. Calek,* 37 Ida. 235, 215 Pac. 981.)

[2] In the present case it is apparent that the number of apples and their grade was peculiarly within the knowledge of respondent and the loss was adjusted and the amount paid in reliance upon his representations. In such a case it is not necessary that diligent inquiry be made but the party has the right to rely upon such representations and is not bound to make an independent investigation. (*Gridley v. Ross,* 37 Ida. 693, 217 Pac. 989.) Respondent urges that instructions Nos. 11 and 12 so qualified and controlled this instruction that it would amount to a practical recall of the instruction. A portion of instruction No. 11 was as follows: .

"The Court instructs you that said statements were material and were directly connected with the subject of the insurance and that plaintiff had a right to rely upon said statements."

[3] Instruction No. 8 in effect advised the jury that appellant must have made diligent inquiry as to the truth of respondent's representations in order to avail himself of this action of fraud, and instruction No. 11 advised the jury that appellant had a right to rely upon such statements.

These two instructions are out of harmony and directly in conflict with each other; following the one instruction might lead to an entirely different verdict than if the other were followed. **[4]** Where instructions are in irreconcilable conflict on a decisive or controlling question to be determined by the jury, and where no one can tell which instruction the jury followed, a reversal of the judgment must necessarily follow. (*Portneuf-Marsh Valley etc. Co. v. Portneuf I. Co.,* 19 Ida. 483, 114 Pac. 19; *Holt v. Spokane & Palouse Ry. Co.,* 3 Ida. 703, 35 Pac. 39.) The jury among other conclusions may have decided that no false statements were made; then instruction No. 8 would have been immaterial. On the other hand they may have believed that, without attempting to prevent appellant from learning the truth, false statements were made by respondent, but that appellant had not made diligent inquiry, hence appellant was not entitled to recover, in which event appellant would have been prejudiced. This serves to illustrate the pertinency and prejudicial character of the error.

Because of the conclusions reached the assignment that the verdict of the jury is not sustained by the evidence will not be considered.

The judgment is reversed and the case remanded for a new trial. Costs awarded to appellant.

William A. Lee, C. J., and Wm. E. Lee, Budge and Taylor, JJ., concur.