(No. 4618.   July 8, 1927.)

## L. L. WALKER, Respondent, v. IDAHO LETTUCE COM-PANY, a Corporation, Appellant.

[258 Pac. 931.]

SALES—ORAL CONTRACT—TRIAL—NO CONFLICT IN INSTRUCTIONS—AP-
PEAL AND ERROR—SPECIFICATION OF ERROR, INSUFFICIENCY OF—
MOTION FOR NEW TRIAL—RULE ON CONFLICTING EVIDENCE—FAIL-
URE TO SPECIFY ERROR, EFFECT.

   1.   That seller of onions under contract attempted to exclude doubles and other defective onions from sacks at buyer's request did not justify conclusion that he thereby agreed to deliver onions of No. 1 United States grade.

   2.   In action on contract for sale of onions, instruction embodying part of C. S., sec. 5741, prescribing buyer's remedies in case of breach of warranty, *held* not conflicting with instructions defining circumstances under which seller was deemed to have waived right to offer to return onions, or give notice that they failed to conform to contract.

   3.   Instructions, in action on contract for sale of onions, stating that, if jury found contract to be as alleged by plaintiff, they should find for him, *held t*o have fairly presented issues to jury, when taken with other instructions presenting defendant's theory of case.

   4.   Specification of error to the effect that trial court erred in entering judgment on verdict *held* insufficient to raise question that verdict for less than full amount claimed by plaintiff is without foundation in evidence.

   5.   Objection to amount of verdict as without foundation in evidence is not properly before supreme court, and cannot be considered, where motion for new trial failed to specify such

contention as ground for new trial, and there was no specification of error covering it.

6. Where there is substantial conflict in evidence as to contract or agreement, and there is substantial evidence to support verdict, it will not be set aside on ground of insufficiency of evidence.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County.   Hon. William A. Babcock, Judge.

Action on contract.   Judgment for plaintiff.   *Affirmed.*

Hodgin & Hodgin, for Appellant.

Where the evidence clearly preponderates in favor of the defendant, it is the duty of the trial judge to set aside the verdict.   (*McMahon v. Rhode Island Co.*, 32 R. I. 237, Ann. Cas. 1912D, 1223, 78 Atl. 1012; *Dewey v. Chicago etc. R. Co.*, 31 Iowa, 373; *Kansas Pac. R. Co. v. Kunkel*, 17 Kan. 145; *Clark v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108; *Wilcox v. Rhode Island Co.*, 29 R. I. 292, 2 Ann. Cas. 760, 70 Atl. 913; *Felton v. Spiro*, 78 Fed. 576, 24 C. C. A. 321; *Serles v. Serles*, 35 Or. 289, 57 Pac. 634.)

By instruction No. 20 the court took from the jury the right to determine the terms of the contract.   (14 Am. St. 44; *Finch v. Bergins*, 89 Ind. 360; *Carpenter v. First Nat. Bank*, 119 Ill. 352, 10 N. E. 18; *Weybright v. Fleming*, 40 Ohio St. 52; *Lutyen v. Ritchey*, 37 Ida. 473, 218 Pac. 430;

Publisher's Note.

4.   Sufficiency of general assignment of error, see note in 10 Am. St. 82.   See, also, 2 R. C. L. 161.

5.   See 2 R. C. L. 99.

6.   See 2 R. C. L. 204.

See Appeal and Error, 3 C. J., sec. 906, p. 985, n. 34; sec. 910, p. 989, n. 45; sec. 1462, p. 1330, n. 44; sec. 1470, p. 1337, n. 11; sec. 1522, p. 1373, n. 42, 43; 4 C. J., sec. 2836, p. 858, n. 3, p. 859, n. 7.

Sales, 35 Cyc., p. 98, n. 26.

Trial, 38 Cyc., p. 1604, n. 65, p. 1778, n. 73, p. 1779, n. 75.

*Kinzell v. Chicago, M. & St. P. Ry. Co.,* 33 Ida. 1, 190 Pac. 255; 20 R. C. L. 272.)

Where the evidence is insufficient to support the verdict, in the interest of justice it is clearly the duty of the trial judge to set aside the verdict. (*Bressler v. McVey,* 82 Kan. 341, 108 Pac. 97; *North Electric Co. v. Brown,* 86 Kan. 903, 122 Pac. 1026; *Brown v. Byers,* 115 Kan. 492, 223 Pac. 477; 2 Thompson on Trials, sec. 2606; *Jensen v. Nall,* 53 Colo. 212, 124 Pac. 471; *Menefee v. Diggs,* 186 Mo. App. 659, 23 A. L. R. 305, 172 S. W. 427; *Tathwell v. Cedar Rapids,* 122 Iowa, 50, 97 N. W. 96.)

The court erred in giving instruction No. 19 for the reason that it fails to state all of the law upon the question and for the further reason that it conflicts with instructions 11 and 12. (*Portneuf-Marsh etc. Co. v. Portneuf Irr. Co.,* 19 Ida. 483, 114 Pac. 19; *State v. Neil,* 13 Ida. 539, 90 Pac. 860, 91 Pac. 318; *People v. Bernard,* 2 Ida. (Hasb.) (178) 193, 10 Pac. 30; *Houser v. Austin,* 2 Ida. (Hasb.) (188) 204, 10 Pac. 37.)

Where the evidence is insufficient to support the verdict, it is an abuse of discretion to refuse to set the verdict aside and grant a new trial.

Homer C. Mills, for Respondent.

The record discloses a substantial conflict in the evidence, and under such circumstances the rule is well settled that the verdict cannot be disturbed.

Instructions must be considered in connection with the entire charge, and an isolated instruction cannot be construed by itself and standing alone. (*Hayhurst v. Boyd Hospital,* 43 Ida. 661, 254 Pac. 528; *State v. Peters,* 43 Ida. 564, 253 Pac. 842.)

VARIAN, Commissioner.—Plaintiff sued on contract for the sale of certain onions to defendant. The cause was tried with a jury, resulting in a verdict and judgment for plaintiff. Motion for a new trial was made and denied, and de-

fendant appeals from the judgment and order denying its motion for a new trial.

The contract was oral, and the parties do not agree as to its terms. Plaintiff contends that he sold all the onions grown on three acres, estimated at the time of the agreement to consist of about 700 or 800 sacks, for which he was to receive $1.75 per hundredweight, the defendant to furnish sacks and twine and haul the onions to the warehouse. Five hundred dollars was paid on account to plaintiff on making the contract. Defendant contends that the agreement was as stated, except that he was to buy 700 or 800 sacks only and nothing but U. S. grade No. 1 onions. Between September 24, 1923, and October 18, 1923, plaintiff sacked 1,358 sacks of onions, aggregating 131,900 pounds, which defendant caused to be hauled from plaintiff's field to the warehouse occupied by defendant at Twin Falls. About October 19th, the parties agreed upon the weights of the onions hauled, and later defendant requested plaintiff to go to the warehouse and have the onions inspected. He did not do so, but brought this action on October 22, 1923. Thereafter, defendant caused the onions to be inspected by a state inspector for the state department of agriculture, who graded them as U. S. grade No. 2. Without tendering the onions to plaintiff, the defendant had them re-sorted and sold in November, when they netted $277.71, after deducting the initial advancement and cost of sorting, hauling, etc. As a separate defense, defendant alleged the sorting and grading of the 1,358 sacks to 1,171 sacks, and their sale on the market netting the said sum of $277.71. As a further defense, it alleged the sorting and grading of 800 sacks to 713, their sale, and admitting a balance due plaintiff of $692.26 on that account, and a balance due of $183.28 for the remainder of said 1,358 sacks sold by it. The answer prayed for costs, and that plaintiff take $277.71, or in the alternative $875.54, and no more.

[1] The first assignment of error is to the effect that the court erred in denying appellant's motion for a new trial,

44 Idaho—31

contending that where the evidence clearly preponderates in favor of defendant, it is the duty of the trial judge to grant a new trial. This contention is without merit. While the evidence is conflicting as to the terms of the contract, the jury was amply justified, under the evidence, in finding that it preponderated in favor of respondent. Nor does the conclusion follow that because respondent attempted to exclude the ''doubles'' and other defective onions from the sacks, at appellant's request, respondent thereby agreed to deliver onions of a No. 1 U. S. grade. The jury would have been justified in concluding that appellant accepted the onions in the field, and that respondent sorted them merely to suit the convenience of appellant. The evidence is overwhelmingly against the contention that respondent agreed to deliver onions of any grade, or that the contract was to deliver anything except all the onions from three acres.

[2] Appellant contends that the court erred in giving instruction No. 19, in that said instruction fails to state all the law upon the question, and that it conflicts with instructions Nos. 11 and 12. This instruction embodies part of C. S., sec. 5741, prescribing the remedies of the buyer in case of breach of warranty, and, taken in connection with the other instructions given, instruction No. 19 correctly states the law. Instructions Nos. 11 and 12 define the circumstances under which appellant was deemed to have waived offering to return the onions, or give notice to respondent that they failed to conform to the contract. Obviously, if by his conduct respondent waived his right to an offer to return the onions, this would be a ''reasonable excuse'' for appellant's failure to make such offer. The instructions are not conflicting, and are reconcilable under the rule announced in *Portneuf-Marsh Valley Irr. Co. v. Portneuf Irr. Co.,* 19 Ida. 483, 114 Pac. 19.

[3] Appellant contends that by instruction No. 20, which embodies respondent's theory of the contract, the court invaded the province of the jury, and took from it the right to determine the terms of the contract. By this instruction,

the jury was told, in effect, that if the contract was found
to be as alleged by respondent, it should find for him in such
sum with interest, after deducting the $500 already paid,
as they might find to be due.  Appellant's theory of the case
was fully presented to the jury by instructions Nos. 4 to 12,
both inclusive, requested by appellant.  Taking the instruc-
tions as a whole, they clearly and fairly presented the issues
to the jury.

[4]  In argument, appellant contends that the evidence
is insufficient to support the verdict because no foundation
can be found in the record for the amount assessed by the
jury, and that the verdict should have been for $1,808.25,
the full amount, including interest, prayed for, and not
$1,750.74, the sum fixed by the verdict.  The fourth specifi-
cation of error, to the effect that the court erred in entering
judgment on the verdict, is not sufficient to raise this ques-
tion.  The motion for a new trial fails to specify this con-
tention as a ground for new trial, and there is no specifica-
tion of error covering it.  The question is therefore not
properly before the court, and cannot be considered.

[5]  It is finally contended that the evidence is insuffi-
cient to support the verdict, and that the court abused its
discretion in refusing to set aside the verdict and grant a
new trial, because, as alleged in the motion for a new trial,
the record shows that, even though a contract was entered
into without regard to the quantity or grade of onions, it
was immediately modified so as to require the onions to grade
U. S. No. 1, and that the modification was acquiesced in by
respondent, who undertook to carry out the contract, as modi-
fied, and to sort and grade the onions to make them grade
U. S. No. 1.  This contention is untenable.  An analysis of
the testimony shows that there is ample testimony to sus-
tain the view that there was no modification of the contract
in the manner specified.  [6]  The case comes fairly within
the rule that where "there is a substantial conflict in the
evidence as to the contract or agreement under which opera-
tions were carried on between plaintiff and defendant," and

there is substantial evidence to support the findings or verdict, "they will not be set aside on the ground of insufficiency of the evidence." (*Pomeroy v. Gordon,* 25 Ida. 279, 137 Pac. 888; *Oregon Short Line R. R. Co. v. Mountain States Tel. & Tel. Co.,* 41 Ida. 13, 237 Pac. 281.)

We find no error in the record, and recommend that the judgment and order denying appellant's motion for a new trial be affirmed, with costs to respondent.

Brinck and McNaughton, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment and order denying a new trial are affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.