253 P.2d 244

COOK et ux. v. LAMMY.

COOK v. LAMMY.

Nos. 7894–7895.

Supreme Court of Idaho.

Feb. 3, 1953.

Elam & Burke, Boise, for respondent.

Karl Jeppesen and James E. Bruce, Jr., Boise, for appellants.

GIVENS, Justice.

In Caldwell, Cleveland Boulevard extends approximately east and west and is intersected at right angles by Kimball Street, in a business district. There is a traffic light sign, i. e., stop and go light signal at this intersection.

About 9:30 p. m. August 9, 1950, appellant, with his wife and son, Bradford, aged six, in the front seat and their other son, Robert, aged ten, in the back seat, was driving his Hudson sedan automobile easterly on Cleveland Blvd., admittedly entered the intersection with the green light (which had changed from red to green when appellant was approaching the intersection) at 18–20 miles per hour.

Respondent, with a two-thousand-pound bull in his ¾-ton Dodge truck approaching from the east on Cleveland Blvd., testified he signaled with his arm for a left turn onto Kimball Street across appellant's course. Becoming aware appellant was not going to stop, respondent stopped with the front of his truck about three feet south of the east and west center line of Cleveland and evidently in the eastern half of the intersection.

The front of appellant's automobile struck the front right corner of respondent's truck, turning the truck to its left. Both the automobile and the truck, when stopped, were facing easterly on Cleveland Blvd. east of the intersection, the automobile on the sidewalk and at a slight angle from the truck, which was partly in the street with the right front wheel at the curb.

The above recital is sufficient for disposition of the questions raised on this appeal. There are variations as to lights, distances, relative positions, speed, and some consequent contradictions.

Appellant and wife, as plaintiffs, sued for damages to their automobile of $575.27, personal injury to Marcus of $2,000 and $15,000 to Leone and medical care of Leone and Robert of $2,383, alleging the negligence of respondent in certain designated particulars.

Marcus Cook also sued as guardian of and for Robert for injuries to Robert of $21,000 on the same charge of negligence. A suit for Bradford is not before us herein.

Respondent, by answer and cross-complaint, denied the allegations in Marcus and Leone's suit and charged them with negligence and asked for damage to the truck of $700 and personal injuries to him of

$500, and in the suit for Robert, denied any negligence.

The two suits were consolidated for trial and here. The jury rendered a verdict for defendant in the suit by Marcus and Leone for $700, and for the defendant in Robert's suit.

The appeals are from orders denying motions for new trials in both cases.

The notice of intention in the Marcus and Leone suit specified only that the evidence did not justify the verdict and showed, as a matter of law, respondent's negligence caused the accident and that Par. 6 of Instruction No. 5 was erroneous.[1] (Dfts. requested Instr. No. 1)

The specifications in the notice of intention in Robert's case were the same, adding that the court erroneously instructed that the negligence of Marcus, Robert's father, would bar Robert's right of recovery, and that such instruction was ambiguous and conflicting with other instructions.

When appellants' brief was filed, respondent timely moved to strike therefrom all assignments of error not specified in the notices of motions for new trials.

While this Court has not, perhaps, specifically and definitively ruled upon this matter, the previous pronouncements with relation to notices of motions for new trials in Buckle v. McConaghy, 12 Idaho 733, at page 737, 88 P. 900; Storer v. Heitfeld, 17 Idaho 113, at pages 123–124, 105 P. 55; Wolfe v. Ridley, 17 Idaho 173, at page 175, 104 P. 1014; Watt v. Stanfield, 36 Idaho 366, at page 371, 210 P. 998; McAllister v. Bardsley, 37 Idaho 220, at page 224, 215 P. 852; Walton v. Clark, 40 Idaho 86, at page 94, 231 P. 713; Walker v. Idaho Lettuce Co., 44 Idaho 478, at page 483, 258 P. 931; Tidd v. Northern Pacific Ry. Co., 46 Idaho 652, at page 656, 270 P. 138; Riggs v. Smith, 52 Idaho 43, at page 46–47, 11 P.2d 358; and MacDonald v. Ogan, 61 Idaho 553, at page 556, 104 P.2d 1106, all add up to the conclusion that in an appeal from an order denying motion for new trial, the scope thereof is limited to the specifications in the notice of motion for new trial as provided in Section 10–604 I.C. Grounds not in the notice of motion for new trial will not be stricken, but will not be considered.

Both sides rely on Asumendi v. Ferguson, 57 Idaho 450, 65 P.2d 713, and Gardner v. Hobbs, 69 Idaho 288, 206 P.2d 539, 14 A.L.R.2d 478. Appellants urge they hold it was error for the court to give Par. 6 of Section 49–504 I.C., and respondent that they hold it was not prejudicial and, therefore, not reversible.

It was stipulated this intersection was in a business district and the evidence without dispute shows there was a traffic signal, i. e., a stop-and-go light. Obviously, therefore, it came within the provisions of Par. 5 of Section 49–504 I.C., and not Par. 6.

1. "Fifteen miles an hour on all other highways in a business district, as defined herein";

In Asumendi v. Ferguson, supra, it was held the giving of an instruction, as to legal speeds not applicable to the particular situation, was erroneous, but not prejudicial. The defendant therein admitted statutory negligence regardless of the error and, therefore, was unaffected by the erroneous instruction.

In Gardner v. Hobbs, supra, the erroneous speed instruction covered areas and places which were so obviously not anywhere near the scene of the accident that the jury could not have been misled. Not so herein. Appellant admitted a speed of 18-20 miles an hour, legal and so not of itself negligent and Par. 5 was the appropriate portion of Section 49–504 I.C. There was other evidence of a circumstantial, rather than direct, nature that appellant was driving at 30 miles or more per hour. By Par. 6 the court instructed the jury the speed limit in a business section was 15 miles per hour. This admittedly was a business section. The difference between the application of Paragraphs 5 and 6 is the absence or presence of a traffic signal. The jury, if they considered since the court gave Par. 6 they might apply 6 and since appellant admitted a speed in excess of that allowed by 6, could have held him guilty of negligence under Par. 6, which would not have been justified. There is no way of knowing whether the jury applied Par. 5 or Par. 6. The stipulation that the intersection was in a business district may have accentuated that feature. The instruction

was not pertinent, Peterson v. Mayham, 10 Wash.2d 111, 116 P.2d 259 at 262; Woods v. Freeman, 213 N.C. 314, 195 S.E. 812; and was ambiguous and so conflicting with Par. 5 that it was prejudicial and requires a reversal. Portneuf-Marsh, etc., Co. v. Portneuf Irr. Co., 19 Idaho 483, at page 490, 114 P. 19, at page 21, states:

"The court correctly advised the jury as to the rule that should follow in estimating the damages that defendant would sustain. This, however, is in direct conflict with that portion of instruction No. 7, heretofore set out, to which appellant objects. * * * This was in conflict with the true and correct rule as announced by the court in the twelfth instruction, and would, of course, tend to confuse and mislead the jury; and it is therefore impossible to tell whether they followed the correct instruction or the incorrect instruction, as both instructions came from the court and were of equal authenticity, and presumably carried equal weight to the jury." Shallis v. Fiorito, 41 Idaho 653, at page 660, 240 P. 932.

"Instruction No. 8 in effect advised the jury that appellant must have made diligent inquiry as to the truth of respondent's representations in order to avail himself of this action of fraud, and instruction No. 11 advised the jury that appellant had a right to rely upon such statements. These two

instructions are out of harmony and directly in conflict with each other; following the one instruction might lead to an entirely different verdict than if the other were followed. Where instructions are in irreconcilable conflict on a decisive or controlling question to be determined by the jury, and where no one can tell which instruction the jury followed, a reversal of the judgment must necessarily follow." Detroit Fire, etc., Ins. Co. v. Sargent, 42 Idaho 369, at page 373, 246 P. 311, at page 312.

"In State v. Bowker, 40 Idaho 74, 231 P. 706, 708 (criminal case), this court stated the rule applicable to conflicting instructions as follows:

" 'In considering instructions of a court to a jury they must be considered as a whole, and error cannot be predicated upon a single instruction or part thereof which may be objectionable when not considered in connection with the instructions as a whole. But where two or more instructions are given that are irreconcilable, and the facts are such that, under one of the instructions a jury should find the defendant guilty, and under the other it could not properly do so, it is prejudicial error.'

"The principle expressed in that opinion is applicable to the case at bar. Following instruction numbered 6 the jury could find that although appellant was without notice, either actual or constructive, of the dangerous condition of the sidewalk, it was liable for the damage resulting from respondent's accident. While if it follow instruction numbered 7 the verdict might be for appellant on the theory that no notice, actual or constructive, of the dangerous condition of the sidewalk had been brought home to it. (Cases.)" Draper v. City of Burley, 53 Idaho 530, at page 537, 26 P.2d 128, 131.

Had there been a dispute as to whether there was a traffic signal or light, the situation would be entirely different.

In connection with Robert's appeal, the court gave Instruction No. 11 as follows:

"The court instructs you in this case that if you find that the plaintiff, Marcus Cook, was negligent in driving his automobile in which the plaintiffs Bradford Cook and Robert Cook were riding, that such negligence, if any, on the part of Marcus Cook, cannot be imputed to the plaintiffs Bradford Cook and Robert Cook even though their actions have been brought by Marcus Cook as their guardian-ad-litem. You are therefore instructed that if you find and believe from the evidence that the said defendant, Howard W. Lammey, was negligent in any of the particulars charged against him in the complaints of Bradford Cook

and Robert Cook, and that such negligence was the proximate cause of the collision of the two vehicles, and the resulting injuries to Bradford Cook and Robert Cook, then your verdict will be in favor of said Bradford Cook and Robert Cook, even though you may find the plaintiff Marcus Cook is barred from recovering herein because he was guilty of contributory negligence."

Apparently it is conceded Instruction No. 11 was correct.

Appellants assign as error the giving of Instruction No. 19, as follows:

"If you believe from the evidence that both the plaintiff, Marcus Cook, and the defendant, Howard W. Lammy, were negligent and the negligence of each contributed as a proximate cause to the accident, or if you should believe from the evidence that this was just what might be termed an "accident", without fault on the part of either, then it would be your duty to return a verdict against both parties to this suit, that is, against the plaintiffs upon their complaint, and against the defendant on his cross-complaint."

Appellants argue the jury might have considered No. 19 was not modified as to Robert by No. 11 and, therefore, if Marcus was guilty of negligence, no plaintiff, including Robert, could recover.

Respondent urges the jury could not have been so misled; that they would have understood No. 19 applied only to the mother and father and not to Robert. The instruction, however, being all inclusive, the jurors might well have considered it to mean that if plaintiff Cook and defendant Lammy were both negligent, it would be the duty of the jury to return a verdict against both parties to the suit, i. e., against all plaintiffs upon both complaints, which would include Robert as well as his father and mother. While this error alone might not have been reversible, since the judgments must be reversed because of Instruction No. 5, No. 19 as phrased, should not be given.

The cases being remanded for new trials, we will not further discuss the evidence, or other assignments of error not properly before us, but careful study might be made of them by the learned trial court prior to the next trials.

Judgments are reversed and the causes remanded for new trials in both causes of action.

PORTER, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.