Samuel Heisler, Plaintiff in Error, v. Gordon C. Kauffman, Trading as Kauffman's Auto Livery, Defendant in Error.

Gen. No. 8,642.

Opinion filed September 20, 1933. Rehearing denied and opinion modified December 26, 1933.

FRANK M. RYAN and SHELBY E. HOOD, for plaintiff in error.

HYER & GILL and KNIGHT & LUPTON, for defendant in error.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Samuel Heisler, plaintiff in error, brought suit in the circuit court of Winnebago county against Gordon Kauffman, doing business as Kauffman's Auto Livery. The declaration consists of one count and charges that the defendant in error operated an auto livery and rented motor cars to plaintiff's minor son Robert B. Heisler and continued to do so after notice from said Samuel Heisler to the defendant not to rent motor cars to his said son. The declaration further alleges that contrary to such notice from the father and in disregard thereof, the said defendant did, on or about the eighth day of July, 1929, negligently rent and place in the hands and control of the minor son a certain automobile and that while said son was driving said motor car upon a public highway the same overturned and that the son sustained serious injury thereby. Samuel Heisler, the father, claims damages in the sum of $10,000 for the loss of services of the son and money by him expended for medical treatment for the son.

The case was tried before a jury and a verdict rendered in favor of the plaintiff for the sum of $2,265.15. The defendant entered a motion for a new trial which was overruled. He then made a motion in arrest of judgment, which motion was sustained, and the court ordered that said plaintiff take nothing and that the defendant have judgment against the plaintiff *non obstante veredicto*. From this judgment the plaintiff below brings the case to this court on a writ of error.

It was urged by the defendant in error that the court properly set aside the verdict of the jury for the reason that the declaration does not state a good cause of action, and concedes if the declaration does state a

good cause of action, then it was error for the trial court to set aside the verdict. An examination of the declaration discloses that nowhere does it allege that the plaintiff's son was in the exercise of ordinary care for his own safety at the time he was driving the car; nor does the declaration allege that the plaintiff's son was not a skilful driver or that the defendant had knowledge that the plaintiff's son was not a skilful driver, but the count is based solely on the negligence of the defendant in error in renting the automobiles to plaintiff's son.

In the case of *Callies v. The Reliance Laundry Co.,* 188 Wis. 376, 206 N. W. 198, the court in passing upon a case very similar to the one we have for consideration used the following language: ''Our attention is called to cases in our own court and in other courts in which relations different from that of husband and wife or parent and child have existed, and in which it has been held that the negligence of the one has not been imputed to that of the other. Counsel frankly concedes that indirectly, or at least by implication, our court has consistently held that where the relation of parent and child exists the parent cannot recover for loss of services, if the minor has been found guilty of contributory negligence.

. . . . . .

''When a parent sues to recover for the loss of service of his child who has been injured by the concurrent negligence of the child and a third person, the bar of the child's contributory negligence is not due to the application of the doctrine of imputed negligence. The parent is by law required to support and care for his child. In return for the performance of such obligation, the law gives to the parent the right to a part of the child's cause of action in case he is negligently injured by another. So also since the husband is required to support his wife the law likewise gives him a

part of the wife's cause of action in case she is negligently injured by another. This splitting up of the cause of action resulting in some of the damages being given the child and some to the parent, or some to the wife and some to the husband, is due solely to the parental and marital relations existing between the parties. A part of the damages are given the parent or husband as the case may be because of the obligations he is under to the child or wife. But for such relations and obligations the entire damages would belong to the child or wife; for when an adult, not under coverture or disability, is injured by the negligence of another, and he is free from contributory negligence, he can recover (1) for pain and suffering, and disfigurement, if any, (2) for loss of permanent or temporary earning capacity, and (3) for reasonable medical and nursing expenses. If he is guilty of contributory negligence he cannot recover at all. But when a minor child is injured by the negligence of another and he is free from contributory negligence, he can recover (1) for pain and suffering and disfigurement, if any, and (2) for loss of temporary or permanent earning capacity after majority. And in such case, the parent can recover (1) for loss of the minor's earning capacity during minority and (2) for reasonable medical and nursing expenses during minority. If the minor is guilty of contributory negligence, neither minor nor parent can recover, for their rights spring out of the same transaction—the same cause of action. The parent takes by operation of law a part of the child's cause of action, and he must take it as the child leaves it. For the reasons stated growing out of the relation, the law assigns to the parent a part of the cause of action, and he takes it subject to any defenses that could be urged against the child in whom the whole cause of action, but for the law, would vest.''

Other cases that support this ruling are: *Wueppe-sahl v. Connecticut Co.*, 87 Conn. 710, 89 Atl. 166; *Benton v. Chicago, R. I. & P. R. Co.*, 55 Iowa 496; *Vorrath v. Burke,* 63 N. J. L. 188, 42 Atl. 838.

It is our opinion that where the father of a child who has been injured is suing for loss of services of the child and money expended for medical attention in curing him of injuries he sustained, caused by the negligence of a third party, the negligence of the child would bar an action for a recovery. In this case it was incumbent upon the plaintiff in error to allege in his declaration and prove that at the time his son was injured he was in the exercise of ordinary care for his own safety in the operation of the car at the time he was injured. This declaration does not charge such facts and is defective and cannot support a verdict based on the same.

The appellant has cited cases that support his contention that it is erroneous for the court to enter a judgment, *non obstante veredicto,* in favor of the defendant in a suit. This is the general rule followed by the courts. In this case the defendant did not ask for a judgment *non obstante veredicto* but the court sustained the defendant's motion in arrest of judgment. In the order signed by the court in sustaining this motion, he used the words *"non obstante veredicto,"* but the use of such words was not necessary for a proper disposition of defendant's motion in arrest of judgment. In sustaining the motion in arrest of judgment, the court would have to set aside the verdict in favor of the plaintiff and enter judgment in favor of the defendant. The trial court properly sustained the motion in arrest of judgment and in entering judgment in favor of the defendant. The judgment of the circuit court of Winnebago county is affirmed.

*Judgment affirmed.*