(No. 7219.   October 23, 1945.)

G. E. KUNKLE and LENA G. KUNKLE, Plaintiffs-Respondents, v. R. H. CLINKINGBEARD and ELLEN CLINKINGBEARD, husband and wife, Defendants-Appellants.

[162 P. (2d) 892.]

Chapman and Chapman for appellants.

J. H. Blandford for respondents.

HOLDEN, J.—Respondents commenced this suit April 16, 1942, to quiet title to and recover the possession of 6.8 acres of the Southeast Quarter of Section 7, Township 10 South, Range 21, East of the Boise Meridian, in Jerome County, Idaho. Appellants answered respondents' complaint denying the material allegations thereof and filed a

cross complaint against respondents to quiet title to the same tract. Respondents relied upon a conveyance by warranty deed and payment of taxes. Appellants relied upon an alleged boundary line agreement, pleading in their cross complaint:

"That some time between the fall of 1930 and the spring of 1931, a *boundary line* agreement was entered into between the defendants, R. H. Clinkingbeard and Ellen Clinkingbeard, husband and wife, Russell Sinnott (Stinnett), and L. E. Poole, and the Twin Falls North Side Investment Company, Limited, a corporation, now the Idaho Farms Company, whereby and under the terms of which the *boundary lines* of said lands hereinabove described and set forth were established." (Emphasis added.)

Respondents, by answer, denied the material allegations of appellants' cross complaint, including, of course, the above alleged boundary line agreement. The cause was tried before the court, sitting without a jury, April 16, 1943. July 25, 1944, findings of fact and conclusions of law were made and filed and judgment thereon entered in favor of respondents and against appellants, from which judgment an appeal was presecuted to this court.

Appellants in their brief say:

"Although we have several assignments of error, to our mind, the controlling question is: Was there a valid exchange of lands agreement? *We do not contend that there was a valid boundary line agreement, or that there was any boundary line agreement at all,* and it will be noted that the findings of fact and the conclusions of law proceed entirely on the theory that appellants rely upon a boundary line agreement." (Emphasis added.)

It will be observed therefrom appellants not only abandon the ground upon which, in their cross-complaint, they claimed title to the fraction of land in dispute, that is to say, that an oral boundary line agreement had been made, but, in addition to that, appellants insist there was no boundary line agreement at all and if there was concede it was invalid.

While, following the trial of the cause, and after the proposed findings of fact and conclusions of law (later

filed) had been served upon appellants, and after they had lost upon the oral boundary line issue on which they had bottomed their claim of title, appellants then requested the trial court to find, in effect, that the alleged oral boundary line agreement was, instead, an "oral exchange of lands agreement," notwithstanding the fact they had pleaded, as above pointed out, that a *boundary line* agreement had been made, and upon the trial of the cause appellant R. H. Clinkingbeard and his witnesses, Stinnett and Poole, had so testified.

Litigants are bound by their pleadings. (*Condie v. Swainston,* 62 Ida. 472, 481, 112 P. (2d) 787; *Knowles v. New Sweden Irr. Dist.,* 16 Ida. 217, 229, 101 P. 181; *State v. Thum,* 6 Ida. 331, 55 P. 858; *Bloomingdale v. Du Rell,* 1 Ida. 33, 40.)

As hereinbefore stated, appellants pleaded the alleged oral agreement was a *boundary line* agreement. Respondents denied that allegation. Moreover, and as also hereinbefore stated, appellant R. H. Clinkingbeard and his witnesses, Stinnett and Poole, testified the alleged agreement was a boundary line agreement, and the parties, both appellants and respondents, tried the case on that issue. Where, as here, both parties to an action try the case on the same theory as to the issues framed by the pleadings, they are bound by it. (*E. Ida. L. & T. Co. v. Blomberg,* 62 Ida. 497, 506, 113 P. (2d) 406; *Gibbs v. Claar,* 58 Ida. 510, 75 P. (2d) 721; *Aetna C. & S. Co. v. Wedgwood,* 57 Ida. 682, 69 P. (2d) 128; *Idaho Gold D. Corp. v. Boise Payette L. Co.,* 52 Ida. 766, 22 P. (2d) 147; *Hindman v. Oregon Short Line R. R. Co.,* 32 Ida. 133, 178 P. 837.)

Hence, we conclude, the controlling question on this appeal is: Did appellants prove a valid oral boundary line agreement?

L. E. Poole (one of the parties to the alleged oral boundary line agreement) testified and appellants admit he was renting the land of which the 6.8 acres in dispute was a part, at the time it is claimed the boundary line agreement was made, and which was later conveyed by Poole's landlord to respondents. So that here we admittedly have a situation where a tenant (Poole) having no interest in or title to the property he was in possession of as a renter,

sought to make an oral boundary line contract concerning that property.

■ That squarely presents the question as to whether Poole, a tenant, could make a valid boundary line agreement. The rule as to who may make such an agreement is stated thus in 9 C.J., p. 232, sec. 173, as follows:

"Only the owners of adjoining lands are competent to agree on their dividing line. In all the cases where these agreements have been made and upheld in the courts it has been on the ground that the parties to them are owners, and that their lands adjoin on the disputed and uncertain boundary; this is an indispensable prerequisite, without which the agreements cannot be sustained."

While appellants alleged, as hereinbefore pointed out, that " a boundary line agreement was entered into between the defendants, R. H. Clinkingbeard and Ellen Clinkingbeard, husband and wife, Russell Sinnott (Stinnett), and L. E. Poole, and the Twin Falls North Side Investment Company, Limited, a corporation, now the Idaho Farms Company," still and nevertheless, appellant R. H. Clinkingbeard testified that the parties to that agreement were Poole, Stinnett and himself, which, of course, excludes the Twin Falls Investment Company as well as the Idaho Farms Company.

■ Furthermore, even where the parties are owners:

"One of the requisites necessary to the validity of a parol agreement establishing a boundary line between adjoining owners is that the location of the true line sought to be thus established be doubtful, uncertain, or in dispute. If the line is not disputed, indefinite, or uncertain, a parol agreement changing its location is within the statute of frauds and is void." (8 Am. Jur., p. 799, sec. 74.)

In the case at bar there was no doubt or uncertainty concerning boundary lines. It was the construction of a canal (Gooding-Milner), that led to the making of the alleged boundary line agreement, and not doubt or uncertainty concerning boundary lines.

■ In conclusion: Respondent G. E. Kunkle testified he was a painter and carpenter and out of the State of Idaho much of his time; that he did not take an active

part in farming his land; that he had no knowledge of any boundary line agreement; that until he had a survey made of his property (quite a while after it is claimed the agreement was made), he did not know that appellant R. H. Clinkingbeard was farming any portion of his land; that he had never been over any portion of Clinkingbeard's land; and the trial court found neither of the respondents had actual or constructive notice or knowledge of the existence of the alleged boundary line agreement. For these reasons, and for the additional reasons hereinbefore stated, and further and inasmuch as appellants concede no valid boundary line agreement was made, the judgment appealed from must be affirmed, and it is so ordered, with costs to respondents.

Ailshie, C.J., and Givens and Miller, JJ., concur.

Budge, J., concurs in the conclusion.