330 P.2d 327

Kenneth GAYHART, a minor, by and through his guardian ad litem, Mildred E. Gayhart, Mildred E. Gayhart and Edgar O. Gayhart, husband and wife, Plaintiffs-Appellants,

v.

Helen L. SCHWABE, Defendant-Respondent.

No. 8576.

Supreme Court of Idaho.

May 2, 1958.

On Rehearing Oct. 1, 1958.

Jones, Pomeroy & Jones, Pocatello, for respondent.

Gee & Hargraves, Pocatello, for appellants.

TAYLOR, Justice.

June 27, 1956, plaintiff (appellant) Kenneth Gayhart, a minor 13 years of age, rode his motor scooter out from the private driveway of his parents' residence and onto Hawthorne avenue in Pocatello. When he had reached a point some seven feet beyond the curb line he was struck and injured by an automobile driven by the defendant (respondent).

This action was brought by the minor through his mother as guardian ad litem to recover damage for the injury suffered by the minor and for damage to the motor scooter. In a separate cause of action the appellants Mildred and Edgar Gayhart, mother and father of the minor, seek damages for medical and hospital expenses incurred as a result of the injury to the minor. In her answer the defendant denied negligence on her part and alleged contributory negligence on the part of both the minor and his parents.

Upon trial the jury's verdict was in favor of the defendant. From the judgment entered thereon plaintiffs prosecute this appeal.

The first assignment of error is the admission in evidence of defendant's Exhibit No. 1. The exhibit is a written statement signed by Spencer Ford, Jr., age 14 years, a companion of the injured minor. At the time of the accident the witness Ford was on the private driveway approximately 45 feet from the point of impact. The statement was taken by an insurance investigator on June 29th, two days after the occurrence. The investigator asked Ford a number of questions in the presence of his mother; the statement purports to be Ford's answers written by the investigator and signed by Ford and endorsed by his mother. Ford's testimony contradicts said statement as to the speed of both the automobile and the motor scooter immediately before the collision; the condition of the brakes on the motor scooter; and whether there was a car parked at the curb next to the private driveway in such position as to obscure defendant's view of the motor scooter as it entered the street.

On cross-examination, redirect, and re-cross-examination, Ford was extensively

examined in regard to the statement and the writing was shown to him. He acknowledged some of the statements in the exhibit; some he explained; he expressed equivocation as to some; and others he denied. Although not done in a formal manner, Ford's attention was called to the time, place and persons present when the statement was made. The exhibit was properly admitted. R9–1210, I.C.; III Wigmore on Evidence, 3rd Ed., § 1037 and notes; People v. Young, 70 Cal.App.2d 28, 160 P.2d 132.

The second assignment is as follows:

"The trial judge erred in admitting the hearsay testimony of Officer Aumick relating to an unfounded conclusion recited to him by Witness, Ford, since there was no foundation for such testimony and the incident was immaterial. The Court also erred in stating that it would instruct the jury concerning such testimony and in then failing to so instruct."

■ Police officer Aumick, called as a witness by the defense, was permitted to testify that at the scene and a few minutes after the accident the witness Ford told him the brakes on plaintiff's scooter were no good, and that a car was parked near the entrance to the driveway. The objection that the evidence was a conclusion of the witness Ford and immaterial is without merit. The further objection that it

was hearsay and that no foundation was laid for impeachment should have been sustained. This testimony was offered by defendant and admitted by the court on the theory that it was rebuttal evidence responsive to the testimony of the witness Ford. Rebuttal evidence can be produced only through a competent witness. Here the words were those of the witness Ford brought to the court through the mouth of the officer, not a competent witness to the facts related. Such hearsay was not admissible except for the purpose of impeaching the credibility of the witness Ford. Cf. State v. Hewitt, 73 Idaho 452, 254 P.2d 677.

At the time of trial the witness Ford was attending a military academy in Kansas and unavailable. His testimony had been taken by deposition during the Chrismas holiday season prior to the trial. In his deposition he testified that a police officer had talked to him at the time of the occurrence and infers that he had told the officer there was a car parked at the curb, and that because of it "Ken should have looked a little more." The time and place were sufficiently fixed, but persons present was not shown.

■■ The rule requires that these facts be shown to lay the foundation for impeachment. R9–1210, I.C.; State v. Bush, 50 Idaho 166, 295 P. 432; State v. Mundall, 66 Idaho 297, 158 P.2d 818; Paurley v.

Harris, 77 Idaho 336, 292 P.2d 765; In re Foster, 77 Idaho 26, 287 P.2d 282.

The purpose of the rule requiring foundation is to avoid unfair surprise and to afford the witness attacked, and the party calling him, an opportunity to correct his testimony or explain the contradiction. Bell's, Handbook of Evidence for the Idaho Lawyer, p. 40.

Concerning the application of the rule, it was said in State v. Brassfield, 40 Idaho 203, 232 P. 1:

"'The essential matter, however, is that witness shall not be misled; and where it is plain that the attention of the witness was directed to the identical occasion or conversation brought out by the impeaching testimony, this is sufficient; and it is immaterial that the question put to the witness does not designate exactly or varies slightly from the impeaching evidence as to the time or place at which, or the name of the person to whom, the statement was made, or the exact words used in the former statement, or even fails to designate the persons to whom or in whose presence the statement was made.'

"While it must be conceded that the requirements of C.S. § 8039, must be complied with before an impeaching question can be put to a witness, this statute must not be given such an un-

reasonable construction as to devitalize it." At page 209 of 40 Idaho, at page 2 of 232 P.

Again approved in State v. Boyatt, 59 Idaho 771, 87 P.2d 992; State v. Wilson, 62 Idaho 282, 111 P.2d 868.

■ In the circumstances shown by the record, the purpose of the rule was not violated, but was substantially observed. The statements testified to by the officer were substantially the same as those made to Mr. Toler, the insurance investigator, and although made on different occasions and to two different witnesses, in view of the extensive examination and cross-examination of the witness Ford, regarding the statements made to Mr. Toler, he was afforded every opportunity to correct his testimony or explain the contradictory statement. Under such circumstances, error in admitting the testimony of the officer without further or complete foundation, is not reversible. R5-907, I.C. requires us to disregard any error which does not affect the substantial rights of the parties.

■ While the witness Aumick was on the stand, counsel for plaintiffs requested the court to instruct the jury that the witness' testimony as to what witness Ford had told him was not to be regarded as evidence, but only for the purpose of impeaching Ford. No formal request for such instruction was made at the commencement

of, or during the course of, the trial as required by R84 of the uniform rules of the district court. In view of the failure to make such request, and also the failure to make such a request in connection with the testimony of the witness Toler and Exhibit No. 1, the failure of the court to instruct as to the effect to be given the impeaching testimony of Aumick is not reversible error. Elm v. McKee, 139 Cal.App.2d 353, 293 P.2d 827; Naccarato v. Village of Priest River, 68 Idaho 368, 195 P.2d 370; Pittman v. Sather, 68 Idaho 29, 188 P.2d 600; Abbs v. Redmond, 64 Idaho 369, 132 P.2d 1044; Dawson v. Salt Lake Hardware Co., 64 Idaho 666, 136 P.2d 733; Boomer v. Isley, 49 Idaho 666, 290 P. 405.

■ Plaintiff assigns as error the giving of instructions on the law of contributory negligence on the ground that there was no evidence of contributory negligence to warrant submitting the issue to the jury; and because only general instructions thereon were given, whereas the answer set forth specific acts of contributory negligence, this assignment is without merit. The evidence is in conflict as to the speed of the motor scooter as it entered the street, as to whether or not the injured plaintiff stopped at the sidewalk or curbing where he could see traffic on the street, and whether he there looked to see if there was any approaching vehicle thereon, or whether he entered the street without stopping or looking. It was shown that the private driveway sloped noticeably to the street.

The specific acts of contributory negligence alleged were detailed to the jury. While the court did not advise the jury that the evidence must establish contributory negligence of the plaintiff in one or more of the particulars alleged, that is the purport of the instructions taken as a whole. It does not appear that the jury was misled or that plaintiffs were prejudiced.

■ Plaintiffs also assign as error the court's instruction No. 9, quoting the statute as follows:

"The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on said highway." § 49-730, I.C.

The complaint is that there was no evidence to show that at the time Kenneth Gayhart was about to enter or cross Hawthorne avenue there was any other vehicle, and particularly defendant's car, "approaching on said highway." The assignment is without merit. The circumstances of the collision show quite clearly that defendant's car was approaching the intersection of the street and private driveway at the same time plaintiff was approaching from the driveway. The duty of defendant in the operation of her automobile, under the cir-

cumstances, was fully set out by the court in instruction No. 12.[1]

Error is assigned in the giving of instruction No. 10.[2] It is urged that the last clause of the instruction indicated to the jury an opinion of the trial judge that there was apparent and known danger and that Kenneth Gayhart heedlessly rushed into it. See Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287. The instruction should have been further qualified by the court. However, when it is considered with instruction No. 18,[3] and part of No. 19, to the effect that all of the instructions are to be taken and considered as a whole, it does not appear likely that the jury was misled or that appellant was prejudiced.

Assignment No. 6 complains of instructions Nos. 12 and 14. It is urged that by the last portion of instruction No. 12[1], supra, the negligence, if any, on the part of the parents is imputed to the injured boy, and that the negligence, if any, on the part of the boy is imputed to the parents. Such is the effect of the instruction.

The general rule is that negligence of the parent bars only the parents' action to recover medical and hospital expenses, loss of services and the like, but is not imputed to the child in an action by or on behalf of the child for his personal injury. Annotation, 15 A.L.R. 414; 2 Restatement of the Law, Torts, § 488; Cook v. Lammy, 73 Idaho 445, 253 P.2d 244; Bos v. Dufault, 42 Wash.2d 641, 257 P.2d 775; Gavin v. Watt, 144 Cal.App.2d 238, 300 P.2d 842; Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671; Witt v. Houston, 207 Okl. 25, 246 P.

---

1. "If you find from the evidence that before the collision Mrs. Schwabe saw or as a reasonably prudent person should have seen Kenneth Gayhart nearing and crossing Hawthorne Avenue, and if you further find that Mrs. Schwabe after seeing young Gayhart or after she should have seen him in the exercise of ordinary care, should have slowed down, turned aside, or stopped, and thereby have avoided the crash, and that Kenneth was injured by reason of Mrs. Schwabe's failure to do so, then you are instructed that you would be entitled to return a verdict for the plaintiffs, the Gayharts, unless, at the same time, you should find that the plaintiffs, or any, or either of them, were guilty of negligence which contributed to, or had a causal connection with the collision in question from which the alleged damages and injuries resulted, in which case you will find for the defendant and against the plaintiffs."

2. "A child of the age of the minor plaintiff in this case, Kenneth Gayhart, is responsible for the exercise of such care and vigilance as reasonably may be expected of one of his age, intelligence and experience. Failure to exercise such degree of care is negligence. The fact that he may not have possessed the mature judgment of an adult would not excuse him from exercising the judgment and discretion he possessed, or from heedlessly rushing into apparent and known danger."

3. "You are not to allow yourselves to be influenced by any opinion which you think that the court has formed upon any fact in this case. The Court has not intended to express any opinion, and if you should have gathered that the Court have any opinion whatever upon any fact in this case, you will disregard that, because you are the sole judges of the facts."

2d 753; Town of Flagstaff v. Gomez, 23 Ariz. 184, 202 P. 401, 23 A.L.R. 661; Crane v. Smith, 23 Cal.2d 288, 144 P.2d 356.

The question as to whether negligence of the minor son should be imputed to the parents, is not so well settled.

"Negligence of a child is imputed to the parent when, but not unless, the parent controls or has the right and duty to control the conduct of the child with respect to the acts or omissions which contributed to injury of the parent." 65 C.J.S. Negligence § 160 b, p. 803.

The statute (§ 49–1403, I.C.) creates a liability on the part of one who furnishes a motor vehicle to a minor. The liability is to a third person injured by the negligence of the minor. In that case the negligence of the minor is imputed to the one furnishing the motor vehicle. Here the evidence is that the injured boy procured the motor scooter himself. Even so, his parents undoubtedly had the right to control his possession, use and enjoyment of it. Obviously it would be impossible for parents to supervise and control in minute detail all of the recreational activity of a boy thirteen years of age. Their right to do so would not be a sufficient ground to impose upon them a liability to third persons for his negligence under the circumstances shown in this case.

However, a normal boy, thirteen years old, has reached an age where a degree of responsibility for his negligence, or contributory negligence, is recognized. Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287; 65 C.J.S. Negligence §§ 144, 145, 146. Where the parents seek to recover from a third person damages sustained by them, if the facts are such that their minor child cannot recover for his injuries because of his contributory negligence in the operation of a motor scooter, which they permit him to possess and operate, their parental control and responsibility is sufficient to impute to them the negligence of the boy and bar their recovery. McKirryher v. Yager, 112 Vt. 348, 24 A.2d 336; Heisler v. Kauffman, 273 Ill.App. 133; Bonefant v. Chapdelaine, 131 Me. 45, 158 A. 857; Callies v. Reliance Laundry Co., 188 Wis. 376, 206 N. W. 198, 42 A.L.R. 712; Wueppeshal v. Connecticut Co., 87 Conn. 710, 89 A. 166.

The error of the court in instructing the jury that the plaintiff, Kenneth Gayhart, could not recover if the parents or either of them were guilty of contributory negligence, requires that the judgment be reversed. Accordingly the judgment is reversed and the cause is remanded with directions to grant a new trial.

Costs to appellants.

KEETON, C. J., and PORTER, SMITH and McQUADE, JJ., concur.

**364**

On Rehearing.

TAYLOR, Justice.

In her petition for rehearing defendant (respondent) urges that instructions numbers 12 and 14 were proper in view of plaintiffs' pleadings and the theory of the case expressed thereby. The error committed in the giving of those instructions being the sole ground of reversal, we granted a rehearing.

After setting out the injuries to the minor, Kenneth Gayhart, paragraph VI of the first cause of action concludes, "plaintiffs have been generally damaged in the sum of $20,000.00."

In the second cause of action, seeking recovery for medical and hospital expenses, the damage is alleged jointly as follows:

"That the expenses incurred by Kenneth Gayhart, and Mildred Gayhart and Edgar O. Gayhart, parents of Kenneth Gayhart, to the time of this complaint for the above are approximately $1,120.00 and will be more as time goes on and that plaintiffs have been specially damaged by the amount of such costs which have already been incurred and which shall be incurred in the future."

The allegations of the third cause of action for damages to the motor scooter do not indicate who suffered the loss alleged.

The prayer of the complaint is for a joint and single judgment in favor of plaintiffs and against the defendant for the damages claimed in all of the causes of action.

In her answer the defendant pleads contributory negligence of the minor as a defense against all three causes of action; but the contributory negligence of the parents is pleaded only as a separate defense to the second and third causes of action.

It appears that plaintiffs by pleading that they are all jointly entitled to judgment against defendant for all of the several damages alleged in their separate causes have invited the error committed by the court.

We also note that plaintiffs, in their motion for new trial, specified as grounds therefor certain errors in law occurring at the trial, but did not specify therein the giving of instructions 12 and 14. R10–602, R10–604 I.C. Appellants may not be limited on this appeal to the errors specified in the notice of motion for a new trial, because the appeal here is from both the judgment and the order denying a new trial. Nevertheless, their failure to specify the error now urged is in keeping with the theory upon which they presented their cause in their complaint and upon the trial.

Plaintiffs, by their pleading, having induced and invited the error, the cause

will not be reversed therefor. Gaskill v. Washington Water Power Co., 17 Idaho 128, 105 P. 51; Trask v. Boise King Placers Co., 26 Idaho 290, 142 P. 1073; Dover Lumber Co. v. Case, 31 Idaho 276, 170 P. 108; Clear Lake Power & Imp. Co. v. Chriswell, 31 Idaho 339, 173 P. 326; Powers v. Security Sav. & Trust Co., 38 Idaho 289, 222 P. 779; Radermacher v. Daniels, 64 Idaho 376, 133 P.2d 713; Driesbach v. Lynch, 74 Idaho 225, 259 P.2d 1039. Cf. Peterson v. Universal Automobile Ins. Co., 53 Idaho 11, 20 P.2d 1016; Gibbs v. Claar, 58 Idaho 510, 75 P.2d 721; Dawson v. Salt Lake Hardware Co., 64 Idaho 666, 136 P.2d 733; Kunkle v. Clinking Beard, 66 Idaho 493, 162 P.2d 892; Wormward v. Taylor, 70 Idaho 450, 221 P.2d 686; Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287. See also, Cook v. Lammy, 73 Idaho 445, 253 P.2d 244.

■ The court's instruction, covering the defendant's answer, limited the defense of contributory negligence on the part of the parents to their own cause of action for medical and hospital expenses. Thus it is doubtful whether the jury was in fact misled by instructions 12 and 14. A review of the evidence also indicates that the proof of contributory negligence on the part of the minor is so clear and convincing as to render it highly improbable that a new trial would result in a verdict for plaintiffs, or either of them.

The judgment and mandate set forth in the original opinion is vacated and the judgment appealed from is affirmed.

Costs to respondent.

KEETON, C. J., and PORTER, SMITH and McQUADE, JJ., concur.