337 P.2d 597

**Lester YEAKEL, Plaintiff-Respondent,**

**v.**

**Milton MEYER and Anna V. Andrews, Defendants-Appellants.**

**No. 8717.**

Supreme Court of Idaho.

April 3, 1959.

Gigray & Boyd, Caldwell, for appellants.

Laurence N. Smith, Caldwell, for respondent.

McQUADE, Justice.

This action is a suit in equity to determine a boundary line. The lands in controversy are described by lot numbers. Defendant-appellant Anna V. Andrews is the owner-vendor of Lot 4, Section 26, Township 5 North, Range 5 West of the Boise Meridian, Canyon County, Idaho, and Milton Meyer is the purchaser. Plaintiff-respondent Lester Yeakel is the owner of Lot 5, Section 26, Township 5 North, Range 5 West of the Boise Meridian, Canyon County, Idaho.

Between the properties runs the Boise River, which is described by the parties as a navigable stream. According to the testimony of an engineer, the southerly boundary of Lot 4 is the Boise River, and the northeasterly side of Lot 5 is the Boise River.

For the trial, the description of the properties was secured and platted from the Federal Land Office in the Post Office Building, Boise, Idaho. The original surveys were made by the cadastral engineeers of the United States government in the 1860's and the 1870's. The engineer testified where a piece of land is a fraction of a section and bounded by a river, it is designated as government lots. The lands in question were both conveyed by government lot designations. From respondent's deed in evidence, it is impossible to define the boundaries of the land without resorting to the government plats.

There is no fence on Lot 5 of respondent. Running through the middle portion of appellants' Lot 4 in an irregular course is a fence. For about 75 years the fence has been in its present location. This fence is on high ground, well back from the meander line of the river. The area from the fence to the river is gravelly and slough-like, and is covered with willows and cheat grass. Predecessors of respondent have grazed their stock and otherwise used the land between the fence and the river for cattle.

Respondent claims this land between the river and the fence line on the theory that the owners of the lands some time in antiquity relocated the boundary lines after the original line had been modified by action of the river. Appellants deny the change of boundary, and assert that a fence line had been erected in the middle of the river, the true division point, but that it had been washed away. The engineer related that the present meander line of the river is in approximately the same location as when the original survey was made. He further described the respective boundaries as the Boise River.

A judgment was entered for respondent, awarding him the disputed land of about 17 acres. This appeal is taken from judgment in favor of the plaintiff. Error is assigned to the findings of facts and conclusions of law.

■ Where a navigable river is designated as the boundary, the parties own to the natural or ordinary high water mark thereof and not to the center of the river. Northern Pacific Ry. Co. v. Hirzel, 29 Idaho 438, 161 P. 854; Driesbach v. Lynch, 71 Idaho 501, 234 P.2d 446.

" 'One of the requisites necessary to the validity of a parol agreement establishing a boundary line between adjoining owners is that the location of the true line sought to be thus established be doubtful, uncertain, or in dispute. If the line is not disputed, indefinite, or uncertain, a parol agreement changing its location is within the statute of frauds and is void.' 8

Am.Jur., p. 799, sec. 74." Kunkle v. Clinkingbeard, 66 Idaho 493, 162 P.2d 892, 893.

This Court has held the general rule to be that

" * * * when identifying boundary lines, * * * fixed and known monuments and objects called for in a deed of conveyance must prevail over courses and distances. * * *" Johnson v. Dunn, 46 Idaho 25, 266 P. 1099, 1101, certiorari denied, Coast Lumber Co. v. Johnson, 278 U.S. 567, 49 S.Ct. 79, 73 L.Ed. 510.

See also Campbell v. Weisbrod, 73 Idaho 82, 245 P.2d 1052.

■ Lands of the two parties were separated by the Boise River. There is no basis for a claim that the boundary line is in dispute between the parties, because the properties are not adjoining one another, nor from the records was there any uncertainty as to the boundaries.

The judgment is reversed.

Costs to appellant.

TAYLOR, SMITH and KNUDSON, JJ., and MARTIN, District Judge, concur.

PORTER, C. J., not participating.